UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY BIGIO                                    JURY TRIAL DEMANDED

v.                                               CASE NO.  3:13CV

FRANKLIN S. YUDKIN

## COMPLAINT

1.  This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2.  This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

3.  The FDCPA was enacted because "Existing laws and procedures for redressing [consumer] injuries are inadequate to protect consumers." § 1692(b).

4.  The FDCPA preempts state laws that are less protective of consumers. §1692n.

5.  Attorneys were included within the FDCPA when Congress found that "[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA].  There is no indication that this is about to change.  Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act." H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

6.  Plaintiff is an individual who resides in Connecticut.

7.  Defendant is an attorney who regularly engages in the practice of consumer debt collection by means of interstate commerce, including the mails.

8.  Defendant regularly sues individuals on behalf of creditors such as Discover

Card, or debt buyers, such as LVNV Funding.

9. On January 17, 2013, Defendant signed a summons and complaint against plaintiff on behalf of LVNV Funding, a debt buyer who allegedly purchased plaintiff's personal Chase Bank credit card.

10. The Complaint sought recovery of an unpaid balance "of $1633.98, plus interest, costs of collection and/or a reasonable attorney's fee."

11. On February 23, 2013, said summons and complaint was served on plaintiff by a marshal who charged $56.98 for his fees.

12. On February 27, defendant sent plaintiff his initial communication which demanded payment of a balance due and owing of "$2437.14, WHICH INCLUDES PRINCIPAL, COURT COSTS, PLUS ANY INTEREST. Please note that interest is accrued daily on principal only."

13. On March 5, 2013, defendant first incurred court costs by filing the summons and complaint with the court.

14. Defendant withdrew the suit before obtaining an adjudication that plaintiff owed interest or court costs.

15. In connection with the collection efforts, defendant violated the FDCPA §1692e, -f(1), or g.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)   That judgment be entered against the defendant for statutory damages, pursuant to 15 U.S.C. § 1692.

(b)   That the Court award costs and reasonable attorneys' fees,

2

pursuant to 15 U.S.C. § 1692k(a)(3); and,

    (c) That the Court grant such other and further relief as may be just and proper.

            THE PLAINTIFF

            *Joanne S. Faulkner*

    BY **/s/ Joanne S. Faulkner**
       Joanne S. Faulkner ct04137
       123 Avon Street
       New Haven, CT 06511-2422
       (203) 772-0395
       faulknerlawoffice@snet.net